**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **CLARENCE ALLEN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | 12 C 8543 |
| v. ) | |
| ) | Judge Ronald A. Guzmán |
| **MARKHAM POLICE OFFICER** ) | |
| **DARRYL STARKS,** ) | |
| ) | |
| **Defendant.** ) | |

**MEMORANDUM OPINION AND ORDER**

On October 25, 2012, Clarence Allen filed suit against Markham Police Officer Darryl Starks alleging false arrest, malicious prosecution and excessive force based on an incident that occurred in October 2011. In his answer to the complaint, Defendant responded to the substantive allegations by asserting a Fifth Amendment right not to implicate himself and refused to admit or deny the facts. His response in this regard stated:

> Defendant Starks currently faces criminal charges in the Circuit Court of Cook County, Criminal Division. To the best of Defendant's information and belief these charges are wholly unrelated to the allegations in plaintiff's complaint; however, the investigation into the criminal charges continues. On the advice of counsel and pursuant to the constitutional rights under the Fifth Amendment, Defendant declines to provide any substantive answer that may expose him to further investigation and/or criminal charges. Defendant, therefore, reluctantly relies upon and asserts those rights against self-incrimination guaranteed to him by the United States Constitution (U.S. Const. amend. V, § 3), and does not answer further.

(Answer, Dkt. # 20, ¶¶ 7-9, 11, 14-16, 18-23, 25, 26.) Plaintiff moves for an order compelling Defendant to provide complete answers to all of the paragraphs of the Complaint or grant his motion for default.

According to Plaintiff, "[m]edia reports indicate that Defendant was recently charged in the Circuit Court of Cook County with theft, armed violence and official misconduct." (Pl.'s Mot. Compel, Dkt. # 29, ¶ 5.) As noted above, Defendant's invocation of his Fifth Amendment privilege included the statement that "[t]o the best of Defendant's information and belief[,] these charges are wholly unrelated to the allegations in plaintiff's complaint." (Answer, Dkt. # 20, ¶¶ 7-9, 11, 14-16, 18-23, 25, 26.) Plaintiff contends that because, by his own admission, the pending criminal charges are unrelated to the allegations in the instant case, Defendant has no good faith basis to assert his Fifth Amendment privilege and should be compelled to answer the

Complaint in full or be defaulted.

The Fifth Amendment privilege against self incrimination may be "asserted in any proceeding, civil or criminal, administrative or judicial, investigatory or adjudicatory; and it protects against any disclosures which the witness reasonably believes could be used in a criminal proceeding or could lead to other evidence that might be so used." *Kastigar v. United States*, 406 U.S. 441, 444-45 (1972). "To be privileged by the Fifth Amendment to refuse to answer a question, the answer one would give if one did answer it (and answer it truthfully) must have *some* tendency to subject the person being asked the question to criminal liability." *In re High Fructose Corn Syrup Antitrust Litig.*, 295 F.3d 651, 663-64 (7th Cir. 2002) (emphasis in original). The Fifth Amendment "protection must be confined to instances where the witness has reasonable cause to apprehend danger from a direct answer." *Hoffman v. United States*, 341 U.S. 479, 486 (1951). "The privilege afforded not only extends to answers that would in themselves support a conviction under a federal criminal statute but likewise embraces those which would furnish a link in the chain of evidence needed to prosecute the claimant for a federal crime." *Id*. "If the court concludes, based on the circumstances of the case, that disclosure of the testimony would not lead to a conviction that violates the Self-incrimination Clause, then the court may force the witness to speak." *Shakman v. Democratic Org. of Cook Cnty.*, --- F. Supp. 2d ----, 2013 WL 329042, at *4 (N.D. Ill. Jan. 29, 2013) (citation and internal quotation marks omitted). "The party attempting to invoke the privilege bears the burden of establishing its foundation." *Id*.

Defendant states that the currently pending criminal charges against him stem from an incident that occurred on October 20, 2010. (Def.'s Resp., Dkt. # 37, at 3.) According to Defendant, he was not criminally charged for the October 2010 incident until 2012, almost two years after the incident, and does not know if he is still under investigation for criminal conduct, including the October 12, 2011 incident at issue in this case. Defendant asserts that the October 2011 incident that is the subject of this case could lead to a charge of official misconduct, which the Illinois Criminal Code defines as:

> A public officer or employee or special government agent commits misconduct when, in his official capacity or capacity as a special government agent, he commits any of the following acts:
>
> > (a) Intentionally or recklessly fails to perform any mandatory duty as required by law; or
> > (b) Knowingly performs an act which he knows he is forbidden by law to perform; or
> > (c) With intent to obtain a personal advantage for himself or another, he performs an act in excess of his lawful authority; or
> > (d) Solicits or knowingly accepts for the performance of any act a fee or reward which he knows is not authorized by law.
>
> A public officer or employee or special government agent convicted of violating

2

> any provision of this Section forfeits his office or employment or position as a special government agent. In addition, he commits a Class 3 felony.
>
> For purposes of this Section, "special government agent" has the meaning ascribed to it in subsection (l) of Section 4A-101 of the Illinois Governmental Ethics Act.

720 Ill. Comp. Stat. 5/33-3. Moreover, Defendant asserts that a bystander videotaped the arrest at issue in the instant case and, to the best of his knowledge, the tape was turned over to the Cook County State's Attorney's office. (Def.'s Resp., Dkt. # 37, at 5.) Thus, he states he has a reasonable fear of criminal charges stemming from the October 2011 arrest at issue in this case.

Given the facts of this case, the Court concludes that Defendant's concern that answering the relevant allegations of the complaint truthfully could have some tendency to subject him to criminal liability is valid and therefore denies the motion to compel his responses to the complaint. Plaintiff argues that Defendant's purported fear of criminal liability is overbroad and if any defendant in a civil rights case could seek Fifth Amendment protection, then it would be impossible to bring such claims against police officers. But, the Court finds this case distinguishable because Defendant has been criminally charged with official misconduct and it is possible that he continues to be under investigation for wrongdoing.

The Seventh Circuit has stated that the "failure to answer the allegations of a civil complaint based on an assertion of the Fifth Amendment privilege could not be construed as an admission of those allegations even though Fed. R. Civ. P. 8(d) would other wise require that result." *Nat'l Acceptance Co. v. Bathalter*, 705 F.2d 924, 930 (7th Cir. 1983). Nevertheless, the Seventh Circuit has further stated that "[t]he rule that adverse inferences may be drawn from Fifth Amendment silence in civil proceedings has been widely recognized by the circuit courts of appeals, including our own.. . . " *LaSalle Bank Lake View v. Seguban*, 54 F.3d 387, 390 (7th Cir. 1995). Thus, "[s]ilence is a relevant factor to be considered in light of the proffered evidence, but the direct inference of guilt from silence is forbidden." *Id.* Indeed, Defendant acknowledges in his response to the motion to compel that "the assertion [of the Fifth Amendment privilege] benefits plaintiff in that the plaintiff can argue a negative inference from the assertion at trial." (Pl.'s Resp., Dkt. # 37, at 5.)

For these reasons, Plaintiff's motion to compel Defendant to answer or, in the alternative, to default the defendant [29-1] is denied. An adverse inference from Defendant's silence may be drawn by the factfinder.

**Date**: May 28, 2013

_____
 **United States District Judge**
 **Ronald A. Guzmán**